UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        v.                                    3:04-CR-495

WALTER C. PARKER,

                       Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

By Decision & Order dated May 25, 2005, the Court found that Defendant's convictions under both Counts 7 and 8 would violate the Double Jeopardy Clause. The Court, therefore, indicated its intent to vacate one of those two counts after affording counsel for Defendant and the government an opportunity to be heard.

The government has responded that it "is in agreement with the Court as to everything but the immediate remedy." The government proposes that the Court merge Counts 7 and 8, rather than vacate one of them. The government contends that merger is appropriate in the interest of judicial economy. According to the government

> Since the legal standards for the two 924(c) prongs are different, in the event a count were vacated *now* the Court of Appeals on review *could* determine there was insufficient evidence as to the prong left standing. While the Government could appeal the decision to vacate a count, if successful the case would be remanded to the sentencing Court for further proceedings. On the other hand, if both 924(c) counts were

> before the Circuit Court then the issues as to the sufficiency of the evidence and multiplicity could be considered at the same time.

In this Circuit, it appears that the concept of merging counts is reserved for situations where a defendant is charged with greater and lesser included offenses. It is reasoned that when a defendant commits the greater offense, the lesser offense merges into the greater offense for purposes of sentencing. The 924(c) counts are not greater and lesser included offenses of one another. Rather, they require proof of separate elements. Thus, the idea of merger is inapplicable here.

Even where courts talk of "merging" multiplicitous or duplicitous counts, the actual remedy is to vacate one of the offending counts. See United States v. Corrado, 304 F.3d 593, 609 n.8 (6th Cir. 2002) ("District courts may 'merge' convictions (by vacating duplicitous or multiplicitous convictions) after a jury verdict if the court finds that the convictions are duplicitous or multiplicitous and therefore in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution."); United States v. Tocco, 306 F.3d 279 (6th Cir. 2002) ("If a district court finds, after a jury verdict, that convictions are duplicitous or multiplicitous and therefore in violation of the Double Jeopardy Clause of the Fifth Amendment of the United States Constitution, the court may 'merge' the convictions *in the sense of vacating the duplicitous or multiplicitous convictions*.") (emphasis added); see also United States v. Belt, 516 F.2d 873, 875 n.7 (8th Cir. 1975) (stating that "[t]he common law doctrine of merger no longer exists. . . . That term, however, is commonly used to refer to the constitutional prohibition, arising out of the double jeopardy clause, against punishing a person twice for the same act or offense.").

Although the government presents a seemingly practical solution, the Court feels constrained by United States v. Lindsay, 985 F.2d 666 (2d Cir. 1993), and United States v. Coiro, 922 F.2d 1008, 1015 (2d Cir. 1991), to vacate one of the offending 924(c) counts. In Coiro, the Second Circuit noted that the Double Jeopardy Clause is not satisfied by providing concurrent sentences on multiple convictions. The court noted that "[a] defendant suffers consequences of conviction apart from the sentence actually served. Such collateral consequences may include enhanced penalties under a recidivist statute, the future use of the conviction for impeachment of credibility, and the social stigma resulting from conviction. The second conviction is unauthorized punishments for the same offense, and must be vacated." 922 F.2d at 1015.

The holding in Coiro was later explained in Lindsay. In Lindsay, the defendant was convicted of a narcotics conspiracy, a continuing criminal enterprise, and multiple firearms counts in violation of 18 U.S.C. § 924(c). In explaining why the continuing criminal enterprise and narcotics conspiracy (the narcotics conspiracy being a lesser included offense of a continuing criminal enterprise) could be merged (rather than requiring vacatur of one of the counts), the Second Circuit explained as follows:

> In United States v. Coiro, . . . we cited Ball v. United States, 470 U.S. 856 (1985) and remanded to the district court to vacate one of two convictions. Coiro involved a defendant convicted of two violations of the same statutory provision, and we determined that the statute did not authorize multiple prosecutions of the defendant's conduct. In that case, vacation of one of the convictions - rather than merging the convictions - was appropriate, because the statute only permitted a single conviction for the conduct at issue. With greater and lesser-included offenses, however, the government is authorized to prosecute the defendant for both crimes, so the merging of the convictions is allowable in the event that the greater conviction is subsequently reversed.

The Lindsay court then went on to address the multiple firearms counts under § 924(c). Relying, in part, upon the analysis in Coiro, the Second Circuit held that "this firearms statue, like the obstruction statute in Coiro, is ambiguous as to the appropriate unit of prosecution. . . . [T]he government should never have charged multiple § 924(c)(1) violations in relation to each of the two underlying drug-trafficking violations with which Lindsay was charged." 985 F.2d at 675-76. Significantly, the Second Circuit did not provide for the merger of the firearms counts. Rather, the Circuit unambiguously held that the multiplicitous counts "must be vacated." Id. at 676; see also United States v. Finley, 245 F.3d 199, 208 (2d Cir. 2001) (reversing a conviction of a multiplicitous count).

The Court understands, and sympathizes with, the difficult position the government is in when prosecuting these types of crimes. Essentially, the government is forced to pick under which part of § 924(c) it wishes to proceed. To ameliorate this dilemma, the government was permitted to present the multiple § 924(c) counts to the jury with the understanding that, if Defendant was convicted on both § 924(c) counts, one of them would have to be vacated. The government now has the benefit of the jury's verdict on all counts in the indictment. Unfortunately for the government, it is essentially returned to its initial prosecutorial dilemma. Although merger may be an economical approach going forward, this Court believes that the Double Jeopardy Clause as interpreted by the Second Circuit *requires* vacatur of the § 924(c) count with the less severe sentence. Perhaps this case will present an opportunity for the Second Circuit to address whether prosecuting a defendant under both prongs of § 924(c) in relation to the same underlying offense does, indeed, present double jeopardy problem.

- 4 -

Neither the government nor defendant has made any argument concerning any differences in sentencing for the counts at issue here.  Accordingly, Count 7 is hereby vacated solely because it is duplicitous of Count 8.

IT IS SO ORDERED.

Dated:    June 30, 2005

*Thomas J. McAvoy*
Thomas J. McAvoy
Senior, U.S. District Judge